UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-CR-20362-HUCK/MCALILEY

UNITED STATES OF AMERICA,

    Plaintiff,

v.

WILFER MESIAS PRIETO GUZMAN,

    Defendant.

_____/

# REPORT AND RECOMMENDATION

Defendant, Wilfer Mesias Prieto Guzman, is serving a sentence of eighty-four months imprisonment and presently is in custody at the Giles W. Dalby Correctional Institute ("CI") in Post, Texas,[1] after having been convicted in this Court of a felony offense. Defendant, while serving his sentence at the D. Ray James CI in Folkston, Georgia, filed a *pro se* Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), (ECF No. 50) (the "Motion"), which the Honorable Paul C. Huck referred to me for a report and recommendation, (ECF No. 51). The government filed a Response. (ECF No. 54). Having carefully considered the Motion, Response, the record in this case and the applicable law, I recommend that the Court deny the Motion because Defendant has not exhausted his administrative remedies.

---

[1] At the time he filed his Motion, Defendant was in custody at D. Ray James CI in Folkston, GA, and the docket reflects that address for Defendant. The Court directs the Clerk of the Court to update the docket to identify the Giles W. Dalby Correctional Institute ("CI") in Post, Texas as Defendant's current address.

1

**I.    BACKGROUND**

On November 4, 2016, Defendant pled guilty to conspiracy to manufacture and distribute five kilograms or more of cocaine with knowledge that such cocaine will be unlawfully imported into the United States. (ECF Nos. 33, 34). On January 18, 2017, the Court sentenced Defendant to eighty-four months imprisonment, followed by five years of supervised release, with the condition to surrender to the U.S. Immigration and Customs Enforcement ("ICE") for deportation upon release from prison. (ECF Nos. 46, 47). Defendant's current release date is July 20, 2022.

In his Motion, Defendant asserts that he is at heightened risk of becoming seriously ill from COVID-19 because he suffers from diabetes and other unspecified chronic illnesses. (ECF No. 50, at 3-4, 20). Defendant asks the Court to immediately release him, at which time ICE would deport him to Colombia,[2] because the combination of COVID-19 and his pre-existing medical conditions pose a threat to his health that amounts to an "extraordinary and compelling" reason within the meaning of § 3582(c)(1)(A)(i). The government opposes the Motion and argues, among other things, that Defendant failed to exhaust his administrative remedies. (ECF No. 54 at 8-11). As explained below, I agree that Defendant has not fully exhausted administrative remedies and, therefore, I do not reach the merits of the Motion.

---

[2] In its Response, the government reports that an ICE immigration detainer has not been filed against Defendant, but that the government is "conferring with Drug Enforcement Administration special agents to have an ICE immigration detainer filed against [Defendant] that would result in him being deported to Colombia upon his release . . . ." (ECF No. 54 at 3).

## II.     ANALYSIS

Defendant relies upon the First Step Act's compassionate release provision, 18 U.S.C. § 3582(c)(1)(A)(i), to ask the Court to modify his sentence of imprisonment to time served. (ECF No. 50, at 1). "Generally, a court 'may not modify a term of imprisonment once it has been imposed.'" *United States v. Pubien*, 805 F. App'x. 727, 729 (11th Cir. 2020) (quoting 18 U.S.C. § 3582(c)). However, courts may reduce a term of imprisonment on a motion from a defendant

> *after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier*, . . . after considering the factors set forth in section 3553(a) to the extent they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A)(i) (emphasis added). The defendant bears the burden of establishing that compassionate release is warranted. *United States v. Jordan*, 15-cr-60044-BB, 2020 WL 4736236, at *2 (S.D. Fla. August 14, 2020) (citing *United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013)). This includes proof that he has fully exhausted the administrative remedies set out in 18 U.S.C. § 3582(c)(1)(A)(i).

Defendant asserts, without any evidence, that he satisfied the exhaustion requirement of § 3582(c)(1)(A)(i) because the Warden of D. Ray James CI denied his request for compassionate release "on or about April 25, 2020." (ECF No. 50). Defendant does not attach a copy of his request or the Warden's denial, and the Bureau of Prisons ("BOP") advised the government that it has no record of this request. (ECF No. 54 at 8).

3

Without this evidence, the Court is unable to determine whether the Warden took more than thirty days to respond to Defendant's request for compassionate release, which would allow Defendant to file his Motion without further exhaustion of administrative remedies. *See e.g., United States v. Cody*, No. 8:10-cr-35-T-27CPT, 2020 WL 4547924, at *1 (M.D. Fla. Aug. 6, 2020) ("[Defendant] asserts and provides documentation reflecting that he filed a request with the warden more than 30 days ago and has not received a response. Accordingly, his motion for compassionate release can be considered."); *see also United States v. Stuyvesant*, 09-60184-CR-ALTMAN, 2020 WL 1865771, at *3 (S.D. Fla. Apr. 14, 2020) ("Because the [Warden] took more than 30 days to respond to the Defendant's request, the Defendant's Motion is timely" under § 3582(c)(1)(A)). Given the absence of necessary evidence, Defendant's alleged April 2020 request is insufficient to satisfy the exhaustion requirement.

There is evidence in the record that Defendant submitted a request for compassionate release to the Warden of D. Ray James CI on a different date, July 2, 2020, and there is proof that the Warden received that request on July 6, 2020. (ECF No. 54-1). The Warden denied Defendant's request on July 30, 2020, within thirty days of receipt. (ECF No. 54-2). Defendant's July 2020 request to the Warden fails to satisfy the exhaustion requirement for two reasons.

First, Defendant filed his Motion on July 17, 2020, fewer than thirty days after the Warden received his request for compassionate release. (ECF No. 50). This caused the Motion to fail to comply with the exhaustion requirement of § 3582(c)(1)(A)(i) because Defendant did not first allow the Warden thirty days to respond to his request for relief.

Second, had Defendant waited to file his Motion after receipt of the Warden's denial, he nonetheless would not have fully exhausted the administrative remedies.

The "administrative rights" referenced in § 3582(c)(1)(A)(i) are set out in the BOP's Administrative Remedy Program, which establishes the procedure inmates may use to seek review of a grievance related to any aspect of imprisonment. 28 C.F.R. § 542.10 *et seq.* The Eleventh Circuit Court of Appeals summarized that program as follows:

> The Administrative Remedy Program requires a prisoner to first file a grievance (a BP-9) with the warden of the prison within 20 calendar days from the date on which the basis of the incident occurred. If the inmate is dissatisfied with the warden's response, he may then appeal (a BP-10) to the Regional Director within 20 calendar days from the date of that response. Finally, if the inmate is dissatisfied with the Regional Director's response, he may appeal (a BP-11) to the General Counsel within 30 days of that response.

*Forde v. Miami Federal Department of Corrections*, 730 F. App'x 794, 798 (11th Cir. 2018) (quotation marks omitted) (citing Federal Bureau of Prisons Inmate Admission & Orientation Handbook at 41 (2014); 28 C.F.R. §§ 542.14(a), 542.15(a)). An appeal to the BOP's Office of General Counsel is the last step in the BOP's administrative remedy process. 28 C.F.R. § 542.15(a).

The Warden timely denied Defendant's request for compassionate release. (ECF No. 54-2). As such, Defendant was required to appeal the Warden's denial to the BOP's Regional Director or General Counsel in accordance with the Administrative Remedy Program. There is no evidence in the record (or argument from Defendant) that he did so.

Given that Defendant failed to complete all the steps required by the Administrative Remedy Program after the Warden's timely denial of his request, Defendant has not fully

exhausted administrative remedies as § 3582(c)(1)(A)(i) requires. *See, e.g.*, *United States v. Maldonado*, Case No. 6:07-cr-107-Orl-28GJK, 2020 WL 4287356, at *1 (M.D. Fla. July 27, 2020); *United States v. Kranz*, No. 2:18-CR-14016-ROSENBERG, 2020 WL 2559551, at *3 (S.D. Fla. May 20, 2020); *United States v. Bevans-Silva*, No. CR 416-352, 2020 WL 2475079, at *1 (S.D. Ga. May 13, 2020) (denying motion for compassionate release because defendant "has not *fully* exhausted his administrative remedies because he has neither shown that the Regional Director denied his appeal nor that thirty days have passed without a response to his appeal"); *United States v. Eyerman*, No. 2:17-cr-134-FtM-29MRM, 2020 WL 2466189, at *3 (M.D. Fla. May 13, 2020) ("While defendant requested compassionate leave from the Warden and received a denial of that request, there is no allegation or showing that defendant appealed the Warden's decision, and therefore no final administrative decision has been rendered. 28 C.F.R. § 571.63(b), (d). Thus, defendant has not exhausted his administrative remedies, and the Court declines to consider the merits of his motion.").

### III.   RECOMMENDATION

For the foregoing reasons, I respectfully recommend that the Court **DENY WITHOUT PREJUDICE** Defendant's Motion for Compassionate Release, (ECF No. 50), because he failed to exhaust administrative remedies.

### IV.   OBJECTIONS

**No later than fourteen (14) days from the date of this Report and Recommendation** the parties may file any written objections to this Report and Recommendation with the Honorable Paul C. Huck. Judge Huck is obligated to make a *de*

*novo* review of only those factual findings and legal conclusions that are the subject of objections. Only those objected-to factual findings and legal conclusions may be reviewed on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); 28 U.S.C. § 636(b)(1); Fed.R.Crim.P. 59(b), 11th Cir. R. 3-1 (2016).

**RESPECTFULLY RECOMMENDED** this 17th day of September 2020, in Miami, Florida.

                                                        CHRIS MCALILEY
                                                        UNITED STATES MAGISTRATE JUDGE

cc: Honorable Paul C. Huck
    Counsel of Record
    Wilfer Mesias Prieto Guzman
           09407-104
           CI Giles W. Dalby
           805 North Avenue F
           Post, TX 79356